UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA WALLIS,

    Plaintiff,

v.

SPAULDING CLINICAL RESEARCH, LLC,

    Defendant.

Case No.: 2:17-cv-727

## PLAINTIFF'S COMPLAINT

Plaintiff, JOSHUA WALLIS ("Plaintiff"), through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, SPAULDING CLINICAL RESEARCH, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. § 227, et seq. ("TCPA").

### JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

3. This court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in the City of New Berlin, Waukesha County, State of Wisconsin.

6. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant is a Wisconsin limited liability company based in the City of West Bend, Washington County, State of Wisconsin.

9. Defendant is a clinical research business which touts on its website that "[a]t Spaulding Clinical, we are all about being **disruptively innovative** within our industry." (emphasis in original).

10. Defendant acted through her agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Within four (4) years of Plaintiff filing this Complaint, in or around January 2017, Defendant began calling and sending text messages to Plaintiff's cellular telephone at xxx-xxx-1912, which included or introduced an advertisement or constituted telemarketing.

12. A text message is a "call" as defined by the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953 (9th Cir. 2009).

13. Within four (4) years of Plaintiff filing this Complaint, in or around January 2017, Defendant called Plaintiff's cellular telephone from several telephone numbers, including, 844-238-3347, 844-456-1153, 844-439-5706, 844-202-6386, and 262-346-1396, which

are some of the Defendant's telephone numbers.

14. During the month of January 2017, Plaintiff answered several calls placed by Defendant to Plaintiff.

15. During the aforementioned calls, Plaintiff orally told Defendant to stop calling him.

16. Despite Plaintiff's request that Defendant stop calling Plaintiff's cellular telephone, Defendant continued to call Plaintiff's cellular telephone.

17. On or about January 25, 2017, Plaintiff sent a letter to Defendant requesting that Defendant stop calling Plaintiff on his cellular telephone at xxx-xxx-1912.

18. Despite Plaintiff's written request that Defendant stop calling Plaintiff's cellular telephone, Defendant continued to call Plaintiff's cellular telephone.

19. In addition to voice telephone calls, Defendant also sends text messages to Plaintiff on Plaintiff's cellular telephone.

20. On or about April 18, 2017, Plaintiff sent a return text to Defendant reiterating that Plaintiff did not want to receive any further communication from Defendant.

21. Despite Plaintiff's request by text message that Defendant stop calling and texting Plaintiff's cellular telephone, Defendant continued to call and text Plaintiff's cellular telephone.

22. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

23. None of the calls Defendant made to Plaintiff were for an emergency purpose.

24. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

25. During at least one conversation and/or text message exchange, Defendant learned that

Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

26. Plaintiff has never given to Defendant prior express written consent to contact Plaintiff as described herein.

27. Defendant has never obtained prior express written consent from Plaintiff to contact Plaintiff as described herein.

28. Even if at one point Defendant had consent to call or send text messages to Plaintiff's cellular telephone, Plaintiff revoked this consent as described above.

29. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

30. Within four (4) years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

31. Within four (4) years of Plaintiff filing this Complaint, Defendant left automated voicemail messages for Plaintiff on Plaintiff's cellular telephone.

32. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

33. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

34. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

35. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

36. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

37. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

38. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple recipients.

39. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

40. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, JOSHUA WALLIS, respectfully requests judgment be entered against Defendant, SPAULDING CLINICAL RESEARCH, LLC for the following:

41. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

43. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

44. Any other relief that this Honorable Court deems appropriate.

DATED: May 23, 2017

>Respectfully submitted,
>AGRUSS LAW FIRM, LLC
>
>By: /s/ James J. Parr
>James J. Parr, ARDC No. 6317921
>4809 N. Ravenswood Avenue, Suite 419
>Chicago, IL 60640
>312-224-4695 – office
>312-253-4451 – facsimile
>james@agrusslawfirm.com
>Attorneys for Plaintiff